UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE LACY, JR.,

    Plaintiff,                                         Case No. 1:14-cv-537

v                                                    HON. JANET T. NEFF

RANDY DUELL, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving retaliation claims. The Defendants remaining in this case filed a motion for summary judgment (Dkt 14), arguing that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff also filed a motion for summary judgment (Dkt 18), arguing that there is no factual dispute that Defendants retaliated against him. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Plaintiff's motion be denied and Defendants' motion be granted in part and denied in part (Dkt 26). Plaintiff objects to both recommendations of the Magistrate Judge (Dkt 33). Defendants filed a response to Plaintiff's objections (Dkt 39). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

# I

Plaintiff first objects to the Magistrate Judge's determination that he failed to administratively exhaust his claim against Defendants Arksey, Oversmith and Norwood (Pl. Obj., Dkt 33 at PageID.234-241). The Magistrate Judge determined that Plaintiff filed a grievance, ICF-12-04-0738-24z, in which he alleged that he was transferred to the Chippewa Correctional Facility in retaliation for having filed a prison grievance concerning difficulties he was allegedly experiencing in his prison job; however, Defendant Duell was the only defendant identified in this grievance (R&R, Dkt 26 at PageID.219-220). Therefore, the Magistrate Judge recommends that Plaintiff's claims against Defendants Arksey, Oversmith, and Norwood be dismissed for failure to exhaust administrative remedies, and that Defendant Duell's motion for summary judgment on exhaustion grounds be denied.

In his objections, Plaintiff opines that he met the exhaustion requirements "to the best of his abilities," including all information that he could "reasonably obtain" (Pl. Obj., Dkt 33 at PageID.240). According to Plaintiff, the facts in this case are similar to the circumstances in *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), where Plaintiff asserts the MDOC officials "overlooked (or perhaps) forgave the same procedural failing" (Pl. Obj., Dkt 33 at PageID.235-236, 240). Plaintiff emphasizes that he did not know the identify of Defendants Norwood or Oversmith until after the grievance reached Step II, and he opines that Defendants received "fair notice" of his retaliation claim against them (*id.* at PageID.237-239).

Plaintiff's objection is properly denied.

As Defendants point out in their response (Defs. Resp., Dkt 39 at PageID.334), Plaintiff's reliance on the holding in *Reed-Bey* is misplaced. In *Reed-Bey*, the prisoner pursued his grievance

through all three levels of prison review, yet he failed to identify the "names of all those involved" in the grievance, as required. *Reed-Bey*, 603 F.3d at 323. The Sixth Circuit held that "[b]ecause the Michigan Department of Corrections opted to dismiss his grievance on the merits rather than invoke its procedural bar, Reed-Bey exhausted his claim." *Id.* Here, however, Plaintiff did not receive a merits-based dismissal. Rather, the relevant grievance was rejected on procedural grounds, to wit: that Plaintiff "did not attempt to resolve the issue with the staff member involved prior to filing the grievance" (Dkt 15-3 at PageID.157).[1] Plaintiff's argument therefore reveals no factual or legal error in the Magistrate Judge's exhaustion analysis.

## II

Plaintiff also objects to the Magistrate Judge's recommended denial of his motion for summary judgment. According to Plaintiff, he "met the three[] essential elements . . . in a retaliation claim" (Pl. Objs., Dkt 33 at PageID.242-244). Plaintiff further asserts that he did not quit his job, that several people failed to respond to his requests for information, and that all of the Defendants are liable because they "were in supervisory positions" (*id.* at PageID.243-244).

This objection is also properly denied.

The Magistrate Judge pointed out that Plaintiff's motion fails as to Defendants Arksey, Oversmith and Norwood based on a lack of proper exhaustion (R&R, Dkt 26 at PageID.221). The Magistrate Judge found that Plaintiff's motion also fails as to Defendant Duell because Plaintiff had not presented evidence in support of the conclusion that Duell subjected him to unlawful retaliation

---

[1] Plaintiff also suggests that three other grievances are relevant in this matter and were properly exhausted, yet does not articulate their relevance against Defendants Arksey, Norwood, or Oversmith. Grievance ICF-12-04-0738-24z, where Plaintiff alleged the retaliatory transfer, is the only relevant grievance in this case.

(*id.*). In fact, Plaintiff submitted evidence suggesting the opposite: that Defendant Duell had no involvement at all in the decision to transfer him where Plaintiff attested that his transfer was accomplished by Defendants Oversmith and Norwood (*id.*, citing Pl. Decl. [Dkt 20 at PageID.196]). Plaintiff's objection reveals no factual or legal error in the Magistrate Judge's analysis of his motion.

Having determined that Plaintiff's objections are properly denied, this Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Further, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 33) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 26) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 14) is GRANTED IN PART and DENIED IN PART; specifically, Plaintiff's claims against Defendants Arksey, Oversmith and Norwood are dismissed for failure to exhaust administrative remedies, but Defendant Duell's motion for summary judgment on exhaustion grounds is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 18) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: March 29 , 2016                              /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge